[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11096

Non-Argument Calendar

_____

JIGNESHKUMAR RAMANBAHAI PATEL,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A093-461-235

_____

Before WILSON, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Jigneshkumar Ramanbahai Patel, a native and citizen of India present in the United States without being admitted or paroled, was convicted under Georgia's RICO statute of offering multiple bootleg DVDs for sale in violation of O.C.G.A. § 16-8-60. Following his conviction, the Department of Homeland Security initiated removal proceedings against Patel, alleging that he was subject to removal under 8 U.S.C. § 1182(a)(2)(A)(i)(I), which renders inadmissible any alien convicted of "a crime involving moral turpitude" (CIMT). An immigration judge denied Patel's application for cancellation of removal, reasoning that he committed a CIMT because his offense required knowingly selling illicit copyrighted material. The Board of Immigration Appeals affirmed the IJ's decision. Before us, Patel contends that his conviction lacked the level of scienter required for a CIMT.[1]

"Whether a crime involves the depravity or fraud necessary to be one of moral turpitude depends upon the inherent nature of the offense, as defined in the relevant statute, rather than the circumstances surrounding a defendant's particular conduct." *Itani v. Ashcroft*, 298 F.3d 1213, 1215–16 (11th Cir. 2002) (per curiam). "Generally, a crime involving dishonesty or false statement is

---

[1] Whether a conviction constitutes a CIMT is a legal question that we review de novo. *Gelin v. U.S. Att'y Gen.*, 837 F.3d 1236, 1240 (11th Cir. 2016).

considered to be one involving moral turpitude." *Id.* at 1215 (quotation omitted). "If a conviction requires that a defendant acted knowingly or intentionally, the statute requires a sufficiently culpable mental state to constitute a CIMT." *Pierre v. U.S. Att'y Gen.*, 879 F.3d 1241, 1251 (11th Cir. 2018) (quotation marks omitted).

The specific Georgia provision that Patel violated makes it unlawful for a person to "*knowingly* . . . offer for sale . . . any article or device on which sounds or visual images have been transferred, *knowing* it to have been made without the consent of the person who owns the master . . . device or article from which the sounds or visual images are derived." O.C.G.A. § 16-8-60(a)(2) (emphases added). Because this crime involves dishonesty and requires that the offender act knowingly, it qualifies as a CIMT. Accordingly, the BIA didn't err in determining that Patel had been convicted of a CIMT and upholding the denial of his application for cancellation of removal.

**PETITION DENIED.**